UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ARTHUR UKANOWICZ,<br>　　　Plaintiff | : <br> : <br> : | <br> No. 3:18-cv-1112- (VLB) |
| 　　　v. | : <br> : | |
| KING, ET AL.<br>　　　Defendants. | : <br> : <br> : <br> : <br> : | January 9, 2020 |

### Order Denying [Dkt. 45] Attorney Michael E. Satti's Motion for Relief From Pro Bono Appointment

On December 12, 2019, the Court granted Plaintiff's motion for appointment of *pro bono* counsel in the above-captioned matter, a state prisoner's civil rights case. [Dkt. 40]. On December 20, 2019, the Court appointed Attorney Michael E. Satti to represent the Plaintiff *pro bono*, pursuant to D. Conn. L. R. Civ. P. 83.10. Attorney Satti has moved for relief from the *pro bono* appointment pursuant to Rule 6.2 of the Conn. Rules of Professional Conduct. The Court DENIES Attorney Satti's motion.

### Pro bono case assignment

D. Conn. L. R. Civ. P. 83.10(a)(1) provides that the Clerk will establish a wheel to be used in assigning members of the District's Bar to provide *pro bono* representation to indigent persons in civil cases. Any member of the Bar who has appeared as counsel of record in at least one civil action in the Court since 2015 shall be included in the Assignment Wheel, except for five enumerated exceptions.

1

D. Conn. L. R. Civ. P. 83.10(a)(2).[1] Attorney Satti does not argue that any of the enumerated exceptions apply to him.

An attorney may seek relief from a *pro bono* assignment under D. Conn. L. R. Civ. P. 83.10(g). However, "[m]otions for relief from appointment are disfavored, as the Court views the acceptance of *pro bono* assignments from time to time as a professional responsibility of the attorneys who are members of its Bar." *Ibid*. Motions for relief from a *pro bono* appointment must comply with Rule 6.2 of the Conn. Rules of Professional Conduct and Local Rule 7(e). *Ibid*. Rule 6.2 of the Conn. Rules of Professional Conduct states, in relevant part, that "[a] lawyer shall not seek to avoid appointment by a tribunal to represent a person except for good cause, such as: (2) [r]epresenting the client is likely to result in an unreasonable financial burden on the lawyer." The commentary to the rule explains that "a lawyer may also seek to decline an appointment if acceptance would be unreasonably burdensome, for example, when it would impose a financial sacrifice so great as to be unjust." Conn. Rules of Prof'l Conduct R. 6.2, cmt.

Here, Attorney Satti states in conclusory terms that the appointment would be unreasonably burdensome and result in an unreasonable financial burden to a small practice with two attorneys. But, roughly half of all lawyers in Connecticut

---

[1] The exceptions are: (1) an attorney whose principal place of business is outside the District; (2) an attorney who is employed full-time as an attorney for an agency of the United States, a State, or a municipality; (3) an attorney who is employed full-time as an attorney by a not-for-profit legal aid organization; (4) an attorney who has notified the Clerk's Office in writing that he or she has retired from the practice of law; and (5) an attorney who has notified the Clerk's office in writing that he or she has been suspended or resigned from the bar. D. Conn. L. R. Civ. P. 83.10(a)(2).

practice as solo practitioners or practice in small firms. *See Lawyer-entrepreneurs face growing pains*, HARTFORD BUSINESS JOURNAL, Apr. 2, 2017 (quoting statistic that roughly half of members in the voluntary Connecticut Bar Association are solo practitioners or practice at a small firm).[2] The fact that Attorney Satti is a small-firm practitioner does not alone establish that this *pro bono* assignment would "impose a financial sacrifice so great as to be unjust," and thus relief under with Rule 6.2 of the Conn. Rules of Professional Conduct is unwarranted.

The Court recognizes that civil *pro bono* appointments can be potentially burdensome, but D. Conn. R. Civ. P. 83.10(g) provides that "[r]elief from appointment is unlikely to be granted on the grounds that the appointment would be burdensome or interfere with counsel's other professional obligations where the Court can fashion a case schedule that reasonably mitigates such difficulties." Attorney Satti's motion elicits no facts to show that the burden of representing the indigent plaintiff in the instant action would be unreasonable in light of the Court's ability to mitigate potential scheduling conflicts with an amended scheduling order, if necessary.

Additionally, Attorney Satti represents that he completed a *pro bono* case assigned to him on or about May 10, 2016 (*Charles v. Johnson*, et al., 3:13-cv-218) and completed a second case representing a prisoner (*Charles v. Frazier*, et al., 3:13-cv-1505) on or about March 27, 2018. A review of the dockets confirms that

---

[2] The Hartford Business Journal article also cites an American Bar Association statistic that 49% of its private practice membership nationally are solo practitioners. *Ibid*.

3

Attorney Satti completed a *pro bono* assignment in 3:13-cv-218 in May 2016. However, *Charles v. Frazier*, et al., 3:13-cv-1505 does not appear to constitute a *pro bono* assignment, as Attorney Satti sought to recover a contingency fee. See 3:13-cv-1505, [Dkt. 126]. Regardless, both cases are beyond the twelve-month window warranting relief based on a prior or current *pro bono* assignment. D. Conn. L. R. 83.10(g). Since that time, Attorney Satti has appeared before the Court in other civil matters.

## Conclusion

The Court DENIES Attorney Satti's motion for relief from this *pro bono* assignment pursuant to D. Conn. L. R. 83.10(g) as the motion lacks a showing that the *pro bono* assignment would be unreasonably burdensome within the meaning of D. Conn. R. Civ. P. 83.10(g).

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut: January 9, 2020